IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA TODD WOOLRIDGE,
#25799-045,

Petitioner,

vs.                                                                          Case No. 14-cv-963-DRH

JAMES N. CROSS,

Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

## I.   Introduction and Background

Petitioner Joshua Woolridge, who is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence (Doc. 1).  Specifically, petitioner maintains that he is entitled to receive twelve months of placement in a halfway house/residential re-entry center ("RRC")[1] pursuant to 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c) (Doc. 1, p. 3).  He has been granted only six months of RRC placement, allegedly in violation of his due process rights, and he seeks additional time.  This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

On October 17, 2013, petitioner pleaded guilty to violating 18 U.S.C. §

---

[1] Residential Re-entry Centers ("RRCs") were previously known as Community Corrections Centers ("CCCs"), and are also commonly referred to as "halfway houses."  The Court uses the designation "RRC" throughout this Order.

2250(a) by failing to register as a sex offender (Doc. 1, p. 1). *See United States v. Woolridge*, Case No. 13-cr-00242-BP-1 (W.D. Mo. 2013) ("criminal case") (Doc. 19). On March 6, 2014, the United States District Court for the Western District of Missouri sentenced petitioner to thirty months of imprisonment (Doc. 26, criminal case).[2] He was sent to Greenville. There, petitioner's case manager told him that he would be eligible for RRC placement on September 5, 2014, as long as he signed up for pre-release classes and stayed out of trouble (Doc. 1, p. 5). He allegedly did both of these things. However, instead of twelve months of RRC placement, petitioner learned that only six months were approved. He now claims that he is entitled to twelve months of RRC placement under 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c), and a shorter term violates his due process rights. Petitioner seeks additional RRC placement. The petition includes no details about petitioner's efforts to exhaust his administrative remedies prior to filing this habeas action.

## II. Discussion

Rule 4 provides that upon preliminary consideration by the district court

---

[2] Several issues that petitioner alluded to in his petition, such as those related to his unknowing guilty plea, are more appropriately raised in a direct appeal or a Section 2255 motion. On March 20, 2014, petitioner filed a direct appeal of his criminal case, in order to challenge the length of his sentence and the ineffective assistance of his counsel. *See United States v. Woolridge*, Appeal No. 14-1666 (8th Cir. 2014). He lost the appeal. Petitioner also filed two motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. His first Section 2255 motion was dismissed, without prejudice, as premature on April 29, 2014. *See Woolridge v. United States*, Case No. 14-0242-CV-W-BP-P (W.D. Mo. 2014). The second was dismissed for lack of jurisdiction on August 26, 2014. *See Woolridge v. United States*, Case No. 14-0735-CV-W-BP-P (W.D. Mo. 2014). In the latter Order, the United States District Court for the Western District of Missouri informed petitioner that he is not required to obtain authorization from the Eighth Circuit before filing another Section 2255 motion challenging the *validity* of his conviction or sentence, as opposed to the *execution* of his sentence addressed herein. However, he must comply with the one-year statute of limitation set forth in Section 2255(f). Therefore, to the extent that issues surrounding the validity of his conviction remain unresolved, he can still pursue relief under 28 U.S.C. § 2255.

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner challenges the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).  A Section 2241 petition is also appropriate if a prisoner seeks release from custody because his custody violates the Constitution or federal laws.  *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).  If a prisoner seeks a "quantum change in the level of custody," such as release from prison, then a habeas petition is the appropriate vehicle; however, if release is actually unavailable, then a civil rights action is appropriate and the habeas petition must be dismissed on its merits, albeit without prejudice to the petitioner bringing a civil rights action.  *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005).

In this case, petitioner seeks additional RRC placement.  While the Court maintains subject matter jurisdiction because petitioner implies that RRC placement constitutes a quantum change in the level of custody, the Court cannot provide petitioner with any relief that would lead to his actual release.  This Court has no authority to decide petitioner's RRC placement.  The Bureau of Prisons

("BOP") is vested with discretion as to the appropriate placement of prisoners in its charge, and retains this authority. At most, the Court could order the BOP to reconsider its decision. Even this would not necessarily result in speedier release because the BOP could again order six months of RRC placement instead of twelve. Therefore, it appears that a habeas action is not the appropriate vehicle for petitioner's claim. The Court is unable to provide relief in this habeas action, and the petition shall be dismissed. The Court reaches this conclusion without making a decision on the ultimate merits of petitioner's claims.

Petitioner's remedy, if any, lies in an action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, the Court also makes no comment on the merits of a *Bivens* claim. While courts sometimes construe a mistakenly labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham v. Broglin*, 922 F.2d at 381-82 (7th Cir. 1991) (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act ("PLRA"), as discussed in more detail below. *See generally* 28 U.S.C. § 1915. Therefore, this habeas corpus action is **DISMISSED** without prejudice to petitioner pursuing relief in a complaint filed under *Bivens*.

### III. Disposition

**IT IS ORDERED** that Joshua Woolridge's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**, without prejudice to his bringing a civil rights action.

**IT IS FURTHER ORDERED** that petitioner's pending motion for leave to proceed *in forma pauperis* (Doc. 5) is hereby **GRANTED**, based on the information provided with the motion.

**IT IS ALSO ORDERED** that petitioner's pending motion to appoint counsel and motion to subpoena witnesses for cases (Doc. 4) are hereby **DENIED** as **MOOT**.

Woolridge is **ADVISED** that nothing in this Order should be construed as an opinion on the ultimate merits of petitioner's claim, if he should choose to re-file it in a civil rights complaint. He is **FURTHER ADVISED** that if this claim is brought as a civil rights case, it will be subject to the provisions of the Prison Litigation Reform Act ("PLRA"), Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically petitioner will be responsible for paying a much higher filing fee of $400.00.[3] The obligation to pay this fee is incurred when the lawsuit is filed, and the PLRA requires a prisoner to pay the fee in full. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Finally, petitioner could be assessed a "strike" if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal

---

[3] A litigant who is granted leave to proceed *in forma pauperis* ("IFP") in a civil rights action must pay a filing fee of only $350.00, as he is not assessed a $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees – District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. Further, if IFP status is granted, a prisoner must pay the $350.00 fee in installments.

with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[4] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 26th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.26 08:19:41 -05'00'

**Chief Judge**
**United States District Court**

---

[4] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).